# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AM BUYER LLC and<br>AM INTERMEDIATE PARENT,<br>INC., | §<br>§<br>§<br>§ | No. 467, 2024 |
| Plaintiffs Below,<br>Appellants, | §<br>§<br>§ | Court Below:  Superior Court<br>of the State of Delaware |
| v. | §<br>§ | C.A. No. N23C-11-167 |
| ARGOSY INVESTMENT<br>PARTNERS IV, L.P and ANVIL<br>CAPITAL PARTNERS III, L.P., | §<br>§<br>§<br>§ | |
| Defendants Below,<br>Appellees. | §<br>§ | |

Submitted: June 18, 2025
Decided: July 23, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

This appeal arises out of a dispute regarding an earnout payment that the Sellers/Appellees argued was due under their agreement with the Buyers/Appellants. The Sellers' entitlement to the earnout payment was contingent on the acquired company's earnout period EBITDA, which the parties defined to include net income and certain contractually identified addbacks for costs.  The purchase agreement required the parties to submit any dispute concerning the EBITDA calculation to a jointly selected independent accountant, who was to resolve all disputes in a "final,

conclusive, and binding" report, reviewable only for fraud or clear and manifest error.

When a dispute arose regarding the EBITDA calculation, the parties followed the contractual process. The independent accountant resolved several disputed items and ultimately concluded that the Buyers owed the Sellers the maximum earnout payment available under the parties' agreement. The Buyers then challenged that conclusion in the Superior Court, arguing that the accountant (i) exceeded the scope of his authority by making legal conclusions, and (ii) committed clear errors in his calculations. The Superior Court rejected those arguments and entered summary judgment in the Sellers' favor. The Buyers appealed the Superior Court's decision.

After careful consideration of the parties' briefs and the record below, we find it evident that the judgment of the Superior Court should be affirmed on the basis of, and for the reasons stated in, its September 3, 2024 Opinion. The independent accountant did not exceed the scope of his authority; he applied the facts to the parties' unambiguous contractual language using his expertise as an accountant. The accountant also did not commit any manifest error in resolving the parties' disputes.[1]

---

[1] Although the Buyers point out on appeal that the accountant appears to have confused two invoices in resolving Disputed Item 4, that error was not "manifest" because the correct calculation would not have altered the accountant's determination that the Sellers were entitled to the maximum earnout payment. *See, e.g. Pazos AdaptHealth LLC*, 322 A.3d 492, 503 (Del. Super. 2024) (manifest error is confined to errors that are "obviously capable of affecting the determination."); *CLP Toxicology, Inc. v. Casla Bio Holdings, LLC*, 2019 WL 1233458, at *1 (Del. Ch. Feb. 18, 2019).

On appeal, the parties also dispute the meaning of the Superior Court's statement that "[f]ollowing this order's entry of judgment, the Earnout Payment will become due."[2] Buyers argue that, by this statement, the Superior Court implicitly held that the earnout payment was not final until the court issued its order, and interest therefore did not begin to accrue until after that date. That interpretation, which was not advanced in the Superior Court, is inconsistent with the governing contract. The parties' agreement required the Buyers to make the earnout payment within five business days of the final determination of the amount due and provided that interest would accrue from the date the payment is "finally determined to be due." The agreement refers to the independent accountant making the "final determination" of the earnout calculation, and interest therefore began accruing five business days after the accountant's written report.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[2] *AM Buyer LLC v. Argosy Inv. Partners IV, L.P.*, 2024 WL 4024980, at *16 (Del. Super. Sept. 3, 2024).